**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Lozano,            ) | No. CV 07-2060-PHX-EHC (JRI) |
|              Plaintiff,    ) | **ORDER** |
| vs.                        ) | |
| Joseph M. Arpaio, et al.,  ) | |
|              Defendants.   ) | |

Plaintiff Anthony Lozano, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1] Plaintiff thereafter filed a motion for leave to file an amended complaint with a proposed First Amended Complaint. (Doc.# 3, 4.) The Court will deny the motion because Rule 15(A) of the Federal Rules of Civil Procedure permits a plaintiff to amend a pleading once without leave of court. The Court will order Defendant Martinez to answer Count II of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $25.00. The remainder of the fee will be

---

[1] "Doc.#" refers to the docket number of filings in this case.

collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    First Amended Complaint

Plaintiff alleges three counts in his First Amended Complaint. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio; Maricopa County Sheriff's Sergeants Martinez and Turner, whom he identifies as a hearing officer and mail room supervisor, respectively; and Maricopa County Correctional Health Services Risk Manager. Plaintiff seeks injunctive and compensatory relief.

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.     Sheriff Arpaio

Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show

that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff has not alleged that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails to state a claim against Arpaio in his Complaint.

**B.     Count I**

In Count I, Plaintiff alleges that three magazines to which he had subscribed have been withheld from him purportedly on the basis that they contained nudity. Plaintiff alleges that one is a fitness magazine, the second is a Spanish language magazine similar to People, and the third is a prison litigation news magazine. (Doc.# 4 at 3.) Plaintiff also alleges that letters from his sisters have been returned without notice to him. (Id.) He alleges that he has brought these issues to the attention of Sergeant Turner, without receiving a response. (Id.) Plaintiff also alleges that detention officers have begun to retaliate against him because he has filed a "significant amount of grievances." (Id. at 3A.)

Prisoners have a First Amendment right to receive mail; however, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'" Prison Legal News v.

1  Lehman, 397 F.3d 692, 699 (9th Cir. 2005); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001);
2  Prison Legal News v. Cook, 238 F.3d 1145 (9th Cir. 2001).  A state prisoner also has a
3  Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail
4  is being withheld by prison authorities.  Frost v. Symington, 197 F.3d 348, 353 (9th Cir.
5  1999).  Nevertheless, jails and prisons may regulate the processing of inmate mail so long
6  as those regulations further an important or substantial government interest other than the
7  suppression of expression.  See Procunier v. Martinez, 416 U.S. 396, 411-12 (1974).

8  Plaintiff alleges that magazines and mail have been withheld for spurious reasons and
9  that he has not been afforded notification of returned mail.  Plaintiff fails, however, to allege
10 any facts supporting that the named Defendants were personally involved in the alleged
11 constitutional violation.

12 To the extent that Plaintiff alleges that Sergeant Turner failed to respond to his
13 grievances, he also fails to state a claim.  Inmates do not have a protected liberty interest in
14 access to jail or prison grievance procedures because there is no free-standing constitutional
15 right to a grievance process.  Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (jail);
16 Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prison); Adams v. Rice, 40 F.3d 72, 75
17 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*).  Further,
18 although a retaliation claim may be raised under the Fourteenth Amendment Due Process
19 Clause where, for example, an inmate alleges that a grievance was denied in retaliation for
20 exercising a constitutionally-protected right because an inmate may not be penalized for the
21 contents of a grievance, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or otherwise
22 be subjected to retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135,
23 1138 (9th Cir.1989), Plaintiff has not alleged that Sergeant Turner denied his grievance in
24 retaliation for Plaintiff having exercised constitutionally protected rights.  For these reasons,
25 Plaintiff fails to state a claim in Count I against Turner.

26 **C.    Count III**

27 In Count III, Plaintiff alleges that Maricopa County Correctional Health Services
28 psychiatrist, Dr. Jayson, prescribed Plaintiff medication so that he could sleep at night, but

1 negligently or recklessly failed to caution Plaintiff about possible side-effects. (Doc.# 4 at
2 5.) Plaintiff alleges that after he began taking the medication, he developed a knot in his
3 penis, which was painful. (Id.) Although Plaintiff discontinued taking the medication in
4 February 2007, he continues to experience severe pain. (Id.) He alleges that an unidentified
5 health care provider told him to reduce "self-gratification" and that other unidentified health
6 care providers have told him that his penis is normal and have failed to provide medical care.
7 (Id. at 5-A.)

8       To state a claim for a constitutional violation regarding medical care, a plaintiff must
9 allege facts to support that he has or had a serious medical need and that a particular
10 defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S.
11 97, 104-05 (1976) (Eighth Amendment standard for convicted inmates); Lolli v. County of
12 Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (Fourteenth Amendment standard for pretrial
13 detainees). To allege a serious medical need, a plaintiff must set forth facts to support that
14 the "'failure to treat a prisoner's condition could result in further significant injury or the
15 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
16 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other
17 grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).
18 Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere
19 with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988).
20 Mere negligence, however, "in diagnosing or treating a medical condition, without more,
21 does not violate a prisoner's Eighth Amendment rights.'" Lopez v. Smith, 203 F.3d 1122,
22 1132 (9th Cir. 2000) (quoting Hutchinson, 838 F.2d at 394). Further, a delay in receiving
23 medical care, without more, is insufficient to state a claim against a jailor for deliberate
24 indifference unless the plaintiff can show that the delay in treatment harmed him. Shapley
25 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

26       Plaintiff alleges that Defendant Jayson recklessly and negligently failed to caution him
27 about potential side-effects of the medication he prescribed to Plaintiff. Negligence by a
28 defendant acting under color of state law is not sufficient to state a claim under § 1983.

1 Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere
2 negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir.
3 2002). For that reason, Plaintiff fails to state a claim against Jayson. Plaintiff otherwise
4 alleges that unidentified health care providers have refused to treat his medical condition, i.e.,
5 serious pain. Plaintiff fails to state a claim against any named Defendant for allegedly
6 refusing to provide him medical care because he does not allege any facts to support
7 involvement by a named Defendant. For these reasons, Plaintiff fails to state a claim in
8 Count III.

### V. Claims for Which an Answer Will be Required

In Count II, Plaintiff alleges that Sergeant Martinez deliberately and maliciously denied him notice of disciplinary charges and the opportunity for a hearing in violation of Plaintiff's right to procedural due process. Plaintiff sufficiently states a claim for denial of procedural due process.

### VI. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 45 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $25.00.

(3)     Plaintiff's motion for leave to file a first amended complaint will be denied as moot (doc.# 3) and the First Amended Complaint (doc.# 4) is ordered filed.

(4)     Counts I and II and Defendants Arpaio, Turner, and Jayson are **dismissed** without prejudice.

(5)     Defendant Martinez must answer Count II.

(6)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 4), this Order, and both summons and request for waiver forms for Defendant Martinez.

(7)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14)   This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 27th day of December, 2007.

*[signature: Earl H. Carroll]*

Earl H. Carroll
United States District Judge